UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOUTHPORT MARINA DEVELOPMENT
COMPANY LLC d/b/a Southport Marina,

     Plaintiff,

  v.              Case No. 25-cv-0663-bhl

ZOZO N'ZAZA,

     Defendant.

---

**ORDER GRANTING MOTION FOR SALE OF *IN REM* DEFENDANT VESSEL**

---

  In this maritime action, Plaintiff Southport Marina Development Company LLC ("Southport Marina") seeks to enforce a maritime lien against the Defendant Vessel ZOZO N' ZAZA ("the Vessel"). (ECF No. 1.) Before the Court is Southport Marina's Motion for Marshal's Sale of Arrested Vessel. (ECF No. 10.) In is motion, Southport Marina asks the Court to order the United States Marshal Service to sell the Defendant Vessel at public auction pursuant to Rule E(9) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims ("the Supplemental Rules"), to satisfy its maritime lien. (*Id.* at 2.) Southport Marina also seeks authorization to credit bid on the Vessel at auction. (*Id.* at 2–3.) For the reasons explained below, the Court will grant Southport Marina's motion.

## BACKGROUND

  Southport Marina is a professional marina business, engaged in "hauling, storing, winterizing, protecting, and safeguarding of vessels against the ravages of the navigable waters of the Great Lakes as well as the deleterious effects of exposure to the elements." (ECF No. 1 ¶3.) The Defendant Vessel is a 1990 Silverton motor vessel that is 34' 6" in overall length, more or less, bearing the Hull Identification Number STNC0216H990 and the Wisconsin Registration Number WS 1207 PW. (*Id.* ¶4.) On June 21, 2023, the Vessel's believed owner, Dr. Joseph James Nantomah, entered into a Winter Yacht Storage Contract with Southport Marina, in which Nantomah agreed to pay $5,538.75 for Southport Marina to store the Vessel from September 15,

2023, through May 15, 2024. (*Id.* ¶¶9, 12.) Nantomah failed to pay the amount owed, and the Vessel has remained in storage with Southport Marina since. (*Id.* ¶15, 17.)

Southport Marina commenced this action on May 5, 2025 with the filing of a verified complaint *in rem*, asserting a claim under 46 U.S.C. §31342(a), which confers upon "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" a "maritime lien on the vessel," and permits that person to "bring a civil action in rem to enforce the lien." (*Id.* ¶1); *see also* 46 U.S.C. §31301(4) ("[N]ecessaries include[] . . . the use of a dry dock."). At the time the complaint was filed, Southport Marina alleged that it was entitled to $12,370.89 under the Winter Yacht Storage Contract. (ECF No. 1 ¶27.)

On May 12, 2025, this Court authorized the arrest of the Vessel pursuant to Supplemental Rule C(3). (ECF No. 5). On June 3, 2025, the Court granted Southport Marina's motion to serve as substitute custodian. (ECF No. 7.) The Vessel was arrested and seized by the Marshal on June 11, 2025, who tendered the Vessel to Southport Marina pursuant to the Court's order substituting it as custodian. (ECF No. 8.) The vessel is currently in Southport Marina's custody.

Pursuant to Supplemental Rule C(4) and Civil Local Rule 100(g)(1), Southport Marina published a Notice of Arrest of Vessel in the Milwaukee Journal-Sentinel on June 26, 2025, giving public notice of the action and the arrest and specifying the time period under Supplemental Rule C(6) for interested parties file a statement of interest in or right against the seized property or to answer the complaint. (ECF No. 10-1 ¶6.). To date, no interested party has appeared to defend against the action or to assert an interest in the Vessel. On August 5, 2025, Southport Marina filed this Motion for Marshal's Sale of Arrested Vessel. (ECF No. 10.)

## ANALYSIS

Southport Marina asks the Court to order the United States Marshal Service to sell the Defendant Vessel at public auction to satisfy Southport Marina's maritime lien. (ECF No. 10 at 2.) It also seeks authorization to credit bid on the Vessel at auction. (*Id.* at 2–3.)

**I.  Southport Marina Has Established a Basis for an Interlocutory Sale.**

Interlocutory sales of vessels are governed by Supplemental Rule E(9)(a). The Rule provides that:

> (i)  On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P. Supp. R. E(9)(a)(i). In order to prevail on a motion for interlocutory sale, the moving party need only show that one of these three above conditions is met. *See, e.g.*, *Merchants Nat. Bank of Mobile v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981); *Coastal Marine Mgmt. v. M/V SEA HUNTER (O.N. 598425)*, 274 F. Supp. 3d 6, 8 (D. Mass. 2017); *Centennial Bank v. M/Y MARLUV*, No. 8:25-CV-00545-JWH-KES, 2025 WL 3211275, at *2 (C.D. Cal. Nov. 4, 2025); *IncredibleBank v. Provocative*, 722 F. Supp. 3d 56, 60 (D.R.I. 2024); *Int'l Ship Repair & Marine Servs., Inc. v. Barge B.*, No. 8:19-CV-605-T-36CPT, 2020 WL 13368705, at *2 (M.D. Fla. Apr. 24, 2020). All sales of property must be made "by the marshal or a deputy marshal, or by other person or organization having the warrant, or by any other person assigned by the court where the marshal or other person or organization having the warrant is a party in interest." Fed. R. Civ. P. Supp. R. E (9)(b). The proceeds of such sale are paid into the Court's registry to be disposed of according to law. *Id.*

Southport Marina contends that sale of the Vessel is proper under Supplemental Rule (E)(9)(a)(i)(C). (ECF No. 9-3 at 2.) It notes that significant time has passed since the Vessel was arrested in June, and no one has appeared in the action to dispute its claim or assert an interest in the Vessel. (*Id.*) Thus, Southport Marina asserts, there has been an "unreasonable delay in securing release of the property," as used in Supplemental Rule E (9)(a)(i), and an order for the auction sale of the Vessel is warranted. (*Id.*) The Court agrees. Courts generally find an "unreasonable delay" under Supplemental Rule (E)(9)(a)(i)(C) when there has been no attempt to secure a vessel's release for at least four months after its arrest. *See, e.g.*, *United States v. F/V Fortune*, No. A86-445 CIVIL, 1987 WL 27274, at *1 (D. Alaska Apr. 14, 1987)("As a general rule, defendants are given at least four months to bond a vessel absent some other considerations."); *Ferrous Fin. Serv. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983); *Bartell Hotels v. S/L Talus*, 445 F. Supp. 3d 983, 988 (S.D. Cal. 2020); *Naval*

*Logistic, Inc. v. M/V FAMILY TIME*, No. 23-22379-CIV-Scola, 2024 WL 828124, at *2 (S.D. Fla. Feb. 27, 2024), *aff'd* No. 24-13172, 2025 WL 1733999 (11th Cir. June 23, 2025); *Johnson v. Perelandra S/V*, No. 1:18-CV-00034-DBH, 2018 WL 2455910, at *2 n.4 (D. Me. June 1, 2018). It has been almost five months since the Vessel was arrested and the Notice of Arrest of Vessel was published. Despite this, no person claiming an interest in the Vessel has verified statement of right or interest as required by Supplemental Rule C(6), filed an answer to the complaint, or otherwise appeared in the matter. Moreover, Southport Marina has had the Vessel in storage since September 2023, and its attempts at notifying the owner have gone mostly unanswered. (*See* ECF No. 1 ¶17; ECF No. 10-1 ¶4.) The Court thus finds that there has been an unreasonable delay in securing the release of the vessel, and an interlocutory sale of the Vessel is warranted under Rule E(9)(a)(i)(C).

## II. The Court Will Authorize Southport Marina to Credit Bid.

Southport Marina asks the Court to authorize it to credit bid at the Defendant Vessel's auction in an amount up to its maritime lien against the Vessel, plus its expenses for the maritime arrest and attachment, custodial expenses, and the expenses of prosecuting its claims in this case, "including all fees, costs and interest, which [Southport Marina] has paid, advanced, or at the time of the auction sale is obligated to pay[.]" (ECF No. 10 at 2–3). Some districts have adopted Local Admiralty Rules expressly authorizing a plaintiff with an admiralty claim senior in priority to credit bid at auction. *See* N.D. Cal. Local Admiralty R. 9-2(b); C.D. Cal. Local Admiralty R. E.15(b); S.D. Cal. Admiralty R. E.1(e)(2). Even without such provisions, courts across the country have allowed senior lienholders in admiralty actions to credit bid at auction. *See, e.g., Johnson*, 2018 WL 2455910, at *3; *Peoples Bank v. P/C Ambassador of the Lake*, No. C16-1403JLR, 2017 WL 1408159, at *3 (W.D. Wash. Apr. 20, 2017); *SMG v. That Certain 1985 Wellcraft 3200 Express Cruiser Motor Yacht of Approximately 35.6-Feet in Length*, No. 2:25-CV-1008 DC AC, 2025 WL 3012220, at *4 (E.D. Cal. Oct. 28, 2025); *Park Cities Bank v. M/V Holo-Kai*, No. 07-80426-CIV, 2007 WL 9701883, at *1 (S.D. Fla. Dec. 18, 2007); *State Bank & Tr. Co. v. Lil Al M/V*, No. 16-5053, 2018 WL 6326448, at *3 (E.D. La. Dec. 4, 2018).

The Court concludes that Southport Marina's request to credit bid is reasonable. With a credit bid, Southport Marina can bid the amount of its maritime lien and other costs, and, if successful, would not be required to deposit funds with the Court only to later file a motion requesting that the funds be dispersed to it to satisfy the judgment. As no other interested party

has come forward within the requisite time, Southport Marina's maritime lien appears to be the senior (if not only) lien on the Vessel. For these reasons, the Court will grant authorization to credit bid.

The Court notes, however, that Southport Marina has not yet obtained a judgement for the amount it contends it is owed. Indeed, Southport Marina itself notes that due to the ongoing nature of this case, its monetary claim against the Vessel is "indefinite in amount." (ECF No. 9-3 at 3.). Many of the districts with local rules authorizing credit bids require a plaintiff to establish the total amount of the secured indebtedness by filing an affidavit and serving it on all other parties prior to the sale. *See* N.D. Cal. Local Admiralty R. 9-2(b); C.D. Cal. Local Admiralty R. E.15(b); S.D. Cal. Admiralty R. E.1(e)(2). Other courts have adopted this practice even without a local rule. *See Johnson*, 2018 WL 2455910 at *3; *Machias Sav. Bank v. F/V RICH ENDEAVOR*, No. 1:24-CV-00027-LEW, 2024 WL 3439886, at *4 (D. Me. July 17, 2024), *report and recommendation adopted*, 2024 WL 3811642 (D. Me. Aug. 14, 2024). This is a sound practice, and the Court will require Southport Marina to attest to the amount of the secured indebtedness in an affidavit prior to the date of the sale. No later than seven days prior to the sale, Southport Marina must file an affidavit that informs the Court of the proper calculation of its credit bid. Should any interested party appear in the case before that deadline, Southport Marina must also serve the affidavit on such parties prior to the sale.

## CONCLUSION

For the reasons explained above,

**IT IS HEREBY ORDERED** that Southport Marina's Amended Motion for Marshal's Sale of Arrested Vessel, ECF No. 10, is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal for the Eastern District of Wisconsin ("the Marshal") shall conduct a Marshal's auction sale of the *in rem* Defendant Vessel to occur in the lobby of the United States Federal Building and Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202, at a time and date convenient to the Marshal. Pursuant to Civil Local Rule 100(h), the Marshal shall cause a Notice of Sale of Vessel to be published twice in a newspaper of largest general circulation within the District, the first publication being at least seven days prior to the date of the sale and the second at least 3 calendar days prior to the date of sale. Southport Marina shall deposit with the registry of the Court such reasonable amount of

security for costs as the Marshal may have or may be required to expend, as determined by the Marshal.

**IT IS FURTHER ORDERED** that the Marshal shall conduct a Marshal's auction sale of the *in rem* Defendant Vessel, "as is, where is" without warranty of any kind, receiving from the highest and best bidder at the time of the auction sale, by cash or cashier's check, a non-refundable deposit of at least ten percent (10%) of the bid price, the remaining balance thereof to be paid by certified or cashier's check within three days and depositing the same into the registry of the Court and, upon receipt of the full bid price and confirmation of the sale by the Court, giving the highest and best bidder a Marshal's Bill of Sale.

**IT IS FURTHER ORDERED** that Southport Marina shall have the right to make a credit bid of its maritime lien against the Vessel, together with its expenses for the maritime arrest and attachment, custodial expenses, and the expenses of prosecuting its claims in this case, including all fees, costs and interest, which the Plaintiff has paid, advanced, or at the time of the auction sale is obligated to pay, up to the full amount of and according to the priority of such claims. No later than seven days prior to the sale, Southport Marina shall file an affidavit that informs the Court of the proper calculation of its credit bid. Should any interested party appear in the case before the deadline to file the affidavit, Southport Marina must also serve the affidavit on such parties prior to the sale.

**IT IS FURTHER ORDERED** that Southport Marina's First Motion for Marshal's Sale of Arrested Vessel, ECF No. 9, is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin on December 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge