UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOUTHPORT MARINA DEVELOPMENT
COMPANY LLC d/b/a Southport Marina,

          Plaintiff,

  v.

ZOZO N'ZAZA,

          Defendant.

Case No. 25-cv-0663-bhl

---

## FINAL JUDGMENT AND ORDER

---

In this maritime action, Plaintiff Southport Marina Development Company LLC ("Southport Marina") seeks to enforce a maritime lien against the Defendant Vessel ZOZO N' ZAZA ("the Vessel"). (ECF No. 1.) Before the Court is Southport Marina's Motion for Judgment of Forfeiture. (ECF No. 16.) In its motion, Southport Marina asks the Court to enter judgment in its favor foreclosing its maritime lien. (*Id.* at 1.) It further requests that the Court establish its credit bid in the amount of $46,395.82. (*Id.*) For the reasons explained below, the Court will grant Southport Marina's motion in part.

### BACKGROUND

Southport Marina is a professional marina business, engaged in "hauling, storing, winterizing, protecting, and safeguarding of vessels against the ravages of the navigable waters of the Great Lakes as well as the deleterious effects of exposure to the elements." (ECF No. 1 ¶3.) The Defendant Vessel is a 1990 Silverton motor vessel that is 34' 6" in overall length, more or less, bearing the Hull Identification Number STNC0216H990 and the Wisconsin Registration Number WS 1207 PW. (*Id.* ¶4.) On June 21, 2023, the Vessel's believed owner, Dr. Joseph James Nantomah, entered into a Winter Yacht Storage Contract with Southport Marina, in which Nantomah agreed to pay $5,538.75 for Southport Marina to store the Vessel from September 15, 2023, through May 15, 2024. (*Id.* ¶¶5, 9, 12.) Nantomah failed to pay the amount owed, and the Vessel has remained in storage with Southport Marina since. (*Id.* ¶15, 17.)

Southport Marina commenced this action on May 5, 2025 with the filing of a verified complaint *in rem*, asserting a claim under 46 U.S.C. §31342(a), which confers upon "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" a "maritime lien on the vessel," and permits that person to "bring a civil action in rem to enforce the lien." (*Id.* ¶1); *see also* 46 U.S.C. §31301(4) ("[N]ecessaries include[] . . . the use of a dry dock[.]"). At the time the complaint was filed, Southport Marina alleged that it was entitled to $12,370.89 under the Winter Yacht Storage Contract. (ECF No. 1 ¶27.)

On May 12, 2025, this Court authorized the arrest of the Vessel pursuant to Supplemental Rule C(3). (ECF No. 5). On June 3, 2025, the Court granted Southport Marina's motion to serve as substitute custodian. (ECF No. 7.) The Vessel was arrested and seized by the Marshal on June 11, 2025, who tendered the Vessel to Southport Marina pursuant to the Court's order substituting it as custodian. (ECF No. 8.) The vessel is currently in Southport Marina's custody.

Pursuant to Supplemental Rule C(4) and Civil Local Rule 100(g)(1), Southport Marina published a Notice of Arrest of Vessel in the Milwaukee Journal-Sentinel on June 26, 2025, giving public notice of the action and the arrest and specifying the time period under Supplemental Rule C(6) for interested parties to file a statement of interest in or right against the seized property or to answer the complaint. (ECF No. 10-1 ¶6.) On August 5, 2025, Southport Marina filed a Motion for U.S. Marshal's Sale of Arrested Vessel, requesting that the Court (1) permit the sale of the vehicle and (2) authorize it to credit bid. (ECF No. 10.) On December 4, 2025, the Court granted the motion but noted that Southport Marina had not obtained a judgment yet for the amount owed. (ECF No. 11 at 5.) The Court ordered Southport Marina to file an affidavit informing the Court of the calculation of its credit bid seven days before the sale of the Vessel. (*Id.* at 5–6.)

On April 10, 2026, Southport Marina filed an unsigned motion for judgment of forfeiture. (*See* ECF No. 13.) The following day, the Clerk of Court noted that the document was unsigned and directed Southport Marina to refile the document. The auction was held on April 17, 2026. (ECF No. 18 at 4.) On May 5, 2026, Southport Marina re-filed its motion with a signature. (ECF No. 16.) It explains that the Marshal has retained the Bill of Sale pending the Court's order on the motion. (ECF No. 17.) To date, no interested party has appeared to defend against the action or to assert an interest in the Vessel.

## ANALYSIS

Southport Marina asks the Court to (1) enter judgment in its favor in the amount of $46,395.82; and (2) establish the amount of the credit bid in the amount of $46,395.82. (ECF No. 16 at 1.) Southport Marina submits a signed affidavit explaining that (1) the sum of the balance owed is $29,358.32; (2) the costs incurred are $3,161.30; and (3) the attorneys' fees incurred are $13,876.00. (ECF No. 12 ¶¶8, 9, 12.)

Southport Marina's motion for judgment against the Vessel will be granted, because, as prefaced, it has alleged facts to enforce its lien and complied with the applicable notice requirements. Because Southport Marina provided evidence of the amount owed and the costs incurred, the Court will grant judgment in its favor in the amount of $32,519.62, and this will also be the amount it is permitted to use as a credit bid. *See Johnson v. Perelandra S/V*, No. 1:18-cv-00034-DBH, 2018 WL 2455910, at *3 (D. Maine June 1, 2018) (explaining that the plaintiff could credit bid with the lien set forth in the verified complaint and costs accrued but not attorneys' fees); *see also SMG v. That Certain 1985 Wellcraft 3200 Express Cruiser Motor Yacht of Approximately 35.6-Feet in Length*, No. 2:25-CV-1008 DC AC, 2025 WL 3012220, at *4 (E.D. Cal. Oct. 28, 2025) (permitting a credit bid in the amount owed and costs incurred).

The Court will, however, decline Southport Marina's request for attorneys' fees. Although the Seventh Circuit has never addressed the issue, other circuits have routinely held that attorneys' fees are generally unrecoverable in admiralty cases. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 250 (1st Cir. 1985); *Am. Nat. Fire Ins. Co. v. Kenealy*, 72 F.3d 264, 270 (2d Cir. 1995); *SPM Corp. v. M/V Ming Moon*, 22 F.3d 523, 525–28 (3d Cir. 1994); *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 730–31 (5th Cir. 1980); *Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc.*, 495 F.3d 1078, 1079 (9th Cir. 2007); *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010). Southport Marina gives no explanation for why it believes it is entitled to attorneys' fees or why the standard rule should not apply.

Accordingly,

**IT IS HEREBY ORDERED** that Southport Marina's Motion for Judgment of Forfeiture, ECF No. 16, is **GRANTED in part** and **DENIED in part**.  Final judgment is entered against the Vessel *in rem* in the principal amount of $32,519.62.  This is also the amount that Southport Marina may credit bid with in connection to the U.S. Marshal's pending Bill of Costs.

Dated at Milwaukee, Wisconsin on May 8, 2026.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge